IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DULCE MINOR,
          Plaintiff,

v.                                                             Civil Action No. 3:17-cv-258-JAG

NATIONSTAR MORTGAGE, LLC, and
U.S. BANK NATIONAL ASSOCIATION,
          Defendants.

## OPINION

The pro se plaintiff, Dulce Minor, brings this wrongful foreclosure case against the defendants, Nationstar Mortgage, LLC ("Nationstar") and U.S. Bank National Association ("U.S. Bank"). Minor says the defendants used "an invalid document" to foreclose on the home once owned by her now-deceased husband and illegally evict her. The defendants moved to dismiss Minor's claims pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff filed a motion for leave to amend her complaint, and the defendants filed a motion for leave to file a reply in support of their motion to dismiss. *Res judicata* bars Minor's claims because she previously filed a nearly identical case in state court, and that court dismissed the case on the merits. The Court grants the motion to dismiss based on *res judicata* and denies the motion for leave to amend because any amendment would be futile.

## I. BACKGROUND

In January 2006, the plaintiff's now-deceased spouse, Mark Minor, executed a deed of trust for a loan of $63,169.60 from American General Financial Services (DE), Inc. to property located at 2218 Concord Avenue, Richmond, Virginia 23234. (Dk. No. 7-1.)[1] At some time

---

[1] In her complaint, Minor refers to a number of documents which the defendants attach to their motion to dismiss. The plaintiff incorrectly cites certain information from these documents,

between 2006 and 2015, American General Financial Services (DE), Inc., became Springleaf Financial Services, Inc. On September 5, 2015, Springleaf Financial Services, Inc. f/k/a American General Financial Services Inc., d/b/a American General Financial Services (DE), Inc., assigned its interest to U.S. Bank National Association, as Indenture Trustee for Springleaf Mortgage Loan Trust 2013-3. (Dk. No. 7-2.) On January 6, 2016, U.S. Bank National Association, as Indenture Trustee for Springleaf Mortgage Loan Trust 2013-3, assigned its interest to U.S. Bank National Association, as Indenture Trustee for Springleaf Mortgage Loan Trust 2013-3, Mortgage Backed Notes, Series 2013-3. (Dk. No. 7-3.) Nationstar acted as the servicer of the loan.

At some point, Mark Minor passed away and the loan went into default. The plaintiff knew the estate was in default. She received eight notices from the defendants and even expected the notices, but she "did not read the notices thoroughly." (Compl. ¶ 2, Dk. No. 1-1.) At the foreclosure auction, U.S. Bank National Association, as Indenture Trustee for Springleaf Mortgage Loan Trust 2012-3, Mortgage Backed Notes, Series 2013-3, purchased the property and later evicted the plaintiff.

In October 2016, the plaintiff filed suit against Nationstar, U.S. Bank, and other defendants in the Circuit Court for the City of Richmond, claiming that the foreclosure sale and

---

and the Court refers to the documents themselves to resolve any discrepancies. *See Wilson-McClain v. Specialized Loan Servicing, LLC*, No. 3:15cv541, 2016 U.S. Dist. LEXIS 135134, at *5–6 (E.D. Va. Sept. 27, 2016) ("[The] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint [without converting a Rule 12(b)(6) motion into one for summary judgment] so long as the authenticity of these documents is not disputed.") (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006)) (alteration in original).

subsequent eviction were the result of an "outdated agreement."[2] The court sustained the defendants' demurrer and dismissed the complaint on February 16, 2017.

On March 9, 2017, Minor filed the current complaint in the Circuit Court for the City of Richmond. The defendants removed the case on April 3, 2017, and filed a motion to dismiss on April 21, 2017. Minor filed a motion for leave to amend her complaint on May 5, 2017, and attached a proposed amended complaint making the same substantive arguments as the original complaint but referring to the previously alleged "invalid documents" instead as "fraudulent documents."

## II. <u>DISCUSSION</u>

*Res judicata*, or claim preclusion, bars Minor's claims, so the Court does not reach the merits of the defendants' motion to dismiss. Further, amending the complaint would be futile in this case, and the Court denies Minor's motion to amend.

### *A. Res Judicata Bars the Plaintiff's Suit*

Virginia's *res judicata* laws govern this dispute. *See Q Int'l Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006) ("[T]he preclusive effect, if any, of the first action on the second action should have been decided under the *res judicata* law of the state of Virginia—the law of the state where the . . . court sat in the first action.") (citation omitted).

Under Virginia law, *res judicata* bars an action that (1) arises from the same conduct, transaction, or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior suit; (2) has been previously decided on the merits by a final judgment; and (3) contains the same parties or parties in privity to those from the prior

---

[2] "When entertaining a motion to dismiss on the ground of *res judicata*, a court may take notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Nabaya v. Stark*, No. 3:13CV218-HEH, 2013 WL 2484661, at *3 (E.D. Va. June 10, 2013).

3

suit. *See Houmadi v. U.S. Bank Nat. Ass'n*, No. 1:14-CV-997-CMH, 2014 WL 5092624, at *1 (E.D. Va. Sept. 26, 2014). "The party asserting *res judicata* as a defense must prove by a preponderance of the evidence that a claim is precluded by a prior judgment." *Id.* (citing *Smoak*, 441 F.3d at 219). Finally, although "some leniency can be afforded" to pro se plaintiffs, "pro se status is not sufficient to overcome the precluding effect of the Court's judgment" on the prior claims. *Chisholm v. Epps*, No. 3:16-CV-00078-GCM, 2016 WL 3452751, at *4 (W.D.N.C. June 21, 2016). Here, the defendants have shown each element of *res judicata* by a preponderance of the evidence.

In 2006, the Virginia legislature intentionally broadened the scope of claims barred by *res judicata*, amending the law to bar those claims arising out of "the same conduct, transaction, or occurrence as the previously litigated claim, rather than merely those with 'the same cause of action asserted in the former proceeding.'" *Martin-Bangura v. Virginia Dep't of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009). Minor's current claims, raised in either her initial or proposed amended complaint, arise from the same conduct, transaction, or occurrence as her previous litigation—the foreclosure sale of her deceased husband's property and her subsequent eviction. Her new legal theories related to invalid or fraudulent documents necessarily stem from the same exact conduct as in her initial case.

The state court issued a final judgment on the merits when it sustained the defendants' demurrer and dismissed the complaint on February 16, 2017. *Astrop v. Eckerd Corp.*, No. 3:09CV681, 2010 WL 1779992, at *9 (E.D. Va. Apr. 29, 2010). ("[A] dismissal on demurrer is a judgment on the merits and [has] preclusive effect.") (citing *Rivers v. Norfolk, Balt., and Carolina Line, Inc.*, 210 F. Supp. 283 (E.D. Va. 1962)).

Finally, the parties in the current case are identical to those in the previous litigation.

*Res judicata* therefore bars Minor's claims.

## *B. Amending the Complaint would be Futile*

Under Rule 15 of the Federal Rules of Civil Procedure, a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Field v. GMAC LLC*, 660 F.Supp.2d 679, 690 (E.D. Va. 2008) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1999)).

"In the Eastern District of Virginia, an amendment may be considered futile where Plaintiffs have previously had two full opportunities to plead their claim." *Field*, 785 F.2d at 690 (quoting *Iron Workers Local 16 Pension Fund v. Hilb Rogal & Hobbs Co.*, 432 F.Supp.2d 571, 595 (E.D. Va. 2006). Amending is futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007)).

Under clearly established precedent, Minor's proposed amended complaint would be futile. First, Minor had two full opportunities to plead her claim: one in state court and one in this Court. The state court even heard oral arguments before sustaining the defendants' demurrer. Second, the Court has considered the proposed amended complaint Minor submitted with her motion to amend and the documents Minor attached to her response to the defendants' motion to dismiss. After considering these documents, Minor still fails to state a claim that is not precluded by *res judicata*.

## III. **CONCLUSION**

5

*Res judicata* bars Minor's claims, and amending her complaint would be futile. The Court grants the defendants' motion to dismiss and denies the plaintiff's motion for leave to amend.

An appropriate Final Order shall issue.

Let the Clerk send a copy of this Opinion to all counsel of record and mail a copy via U.S. Mail to the pro se plaintiff.

Date: June 30, 2017
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge